IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENYATTA KESHAWN HARRELL** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:23-cv-293-HSO-BWR |
| **CITY OF GULFPORT** | § § § § | **DEFENDANT** |

### ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on the Second Order to Show Cause [4] entered by United States Magistrate Judge Bradley W. Rath on November 13, 2023. Plaintiff Kenyatta KeShawn Harrell has not filed any response to the Second Order to Show Cause [4] by the December 1, 2023, deadline, nor has Plaintiff sought additional time to respond. For the reasons that follow, the Court finds this case should be dismissed without prejudice for failure to comply with Court Orders [3], [4] and failure to prosecute.

### I. BACKGROUND

On October 26, 2023, Plaintiff Kenyatta KeShawn Harrell ("Plaintiff") filed a pro se Complaint [1] against Defendant City of Gulfport ("Defendant" or the "City"). Compl. [1] at 1. Plaintiff states that he "was holding $10 Trillion Dollars and Zero Cents in lawful money on [his] driver license . . . in trust" when he lost possession of it "into the care of a municipal court judge, which made [him] an uninsured motorist." *Id.* at 2. The judge purportedly offered him "the actual amount of $10

Trillion Dollars and Zero Cents as just compensation for the taking of [his] property," and he "accepted the total due balance back in return by way of [his] driver license," which has been guaranteed by the City's mayor.  *Id*.  Plaintiff is "demanding installment payments of $5 Billion Dollars and Zero Cents to 3 of [his] bank accounts on the 1st of every month, until the total amount is completed."  *Id*.

To date, Plaintiff has not paid the filing fee associated with his Complaint [1] or completed an application to proceed *in forma pauperis* ("IFP").  According to a note on the case docket, the Clerk of Court "provided Plaintiff with a Motion to Proceed IFP form or the option to pay the filing fee in full.  Plaintiff refused to fill out motion and did not pay fee stating that it was against the MS State Constitution."  Docket, Oct. 26, 2023.  Plaintiff has filed a statement concerning the Mississippi Constitution to support this claim, arguing that he is "entitled to have [his] right of credit and justice administered without an upfront cash sale, denial or delay."  Doc. [2] at 1.

On October 27, 2023, the Magistrate Judge entered an Order [3] requiring Plaintiff to pay the filing fee or fully complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs by November 9, 2023, and warning Plaintiff that his failure to do so could result in this case being dismissed sua sponte, without prejudice and without further written notice.   Order [3] at 1-2.  Plaintiff did not pay the filing fee or complete the Application, nor did he otherwise respond to the Order [3] or seek additional time to do so.

On November 13, 2023, the Magistrate Judge entered a Second Order to

Show Cause [4], requiring Plaintiff to show cause on or before December 1, 2023, why the Court should not dismiss this case without prejudice due to Plaintiff's failure to prosecute and obey the Court's Order to either pay the filing fee or fully complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs.  Order [4] at 2.  The Magistrate Judge again warned that "[i]f Plaintiff fails to respond to this Order and show cause good cause by December 1, 2023, Plaintiff's suit may be dismissed without prejudice and without further notice to Plaintiff."  *Id.* at 1.  Plaintiff did not respond to the Magistrate Judge's Second Order [4], nor has he sought additional time to do so, and he has not filed anything with this Court since the date he filed his Complaint [1].

## II.   DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

Plaintiff did not comply with two Court Orders [3], [4], after being warned that failing to do so may lead to the dismissal of his case.  *See* Order [4] at 1; Order

[3] at 1-2.   Despite these warnings, Plaintiff has not responded to the Court's Orders or taken any action in this case since this case was filed on October 26, 2023. *See* Compl. [1]; Doc. [2] (also filed Oct. 26, 2023).   Plaintiff has never paid the filing fee or sought leave to proceed IFP.   Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.   Under these circumstances, dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff Kenyatta KeShawn Harrell's failure to prosecute and to abide by the Court's Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of December, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

4